**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES R. LEITNER, | ) | CASE NO. 1:20-cv-1624 |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

The plaintiff, James R. Leitner, commenced this action to appeal a final administrative decision denying his claim for disability benefits. (Doc. No. 1 (Complaint).) The parties consented to the jurisdiction of Magistrate Judge William H. Baughman, and the case was transferred to the magistrate judge.[1] (Doc. No. 15 (Consent); Doc. No. 16 (Order of Transfer).) Following briefing on the merits, on October 8, 2021, the magistrate judge held a hearing during which he entertained oral argument from counsel. (Doc. No. 23 (Minutes of Proceedings); *see* Doc. No. 17 (Plaintiff's Brief on the Merits); Doc. No. 18 (Defendant's Brief on the Merits); Doc. No. 20 (Plaintiff's Reply); Doc. No. 24 (Transcript of Oral Arguments).) At the conclusion of the hearing, the magistrate judge took the matter under advisement. (*See* Doc. No. 23.)

On March 30, 2022, the magistrate judge issued an order reversing the decision of defendant, Commissioner of Social Security, and remanding the matter for further proceedings. (Doc. No. 26 (Memorandum Opinion and Order); Doc. No. 27 (Judgment Entry).) On July 13,

---

[1] Pursuant to General Order 2022-14, the matter was returned to the docket of the undersigned on December 10, 2024, following the filing of the present motion for fees.

2022, upon the parties' amended stipulation, the magistrate judge awarded the plaintiff's counsel $6,000.00 in attorney's fees, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. No. 30 (Order); *see* Doc. No. 29 (Amended Stipulation).)

On remand, the plaintiff was found disabled, and awarded past due benefits from November 2016. (Doc. No. 31-2 (Notice of Award), at 2.[2]) In its notice informing the plaintiff of his entitlement to past-due benefits in the amount $99,787.00, the Social Security Administration advised the plaintiff that it was withholding $24,946.75 in benefits, representing an award of attorney's fees equal to 25% of the total amount of past due benefits to which the plaintiff is entitled. (*Id.*) The Commissioner also awarded auxiliary benefits for two dependents. C.E.L. and P.K.L. each received past-due benefits in the amount of $27,097.00, of which $6,774.25 was withheld from each representing an award of attorney's fees equal to 25% of the total award. (Doc. No. 31-3 (Notice of Award to C.E.L.), at 5; Doc. No. 31-4 (Notice of Award to P.K.L.), at 5.) In total, the plaintiff and his family became entitled to approximately $153,981.00 in past-due benefits, and the Social Security Administration made a precise calculation and withheld $38,495.25 of past-due benefits for direct payment of fees to the plaintiff's attorneys.

The Social Security Administration has approved attorney's fees of $17,150.00 for administrative-level services. The amount of $21,345.25 is still being held for direct payment to counsel for court-level services. (Doc. No. 31 (Motion for Allowance of Fees), at 2.) Accordingly, the matter is presently before the Court on a motion for authorization of attorney's fees, pursuant to 42 U.S.C. § 406(b), filed by the plaintiff's counsel. (*Id.*) The defendant has filed a response, in

---

[2] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

which the defendant takes no position on the appropriateness of the requested award. (Doc. No. 32.) In the motion, counsel request fees in the amount of $21,345.25 for work in federal court. (Doc. No. 31, at 2, 6.) The plaintiff's attorneys also acknowledge the previous award of attorney's fees under the EAJA and represent that counsel will repay the plaintiff the previously awarded EAJA fees to avoid a double recovery. (Doc. No. 31, at 3.) *See Jankovich v. Bowen*, 868 F.2d 867, 871 n.1 (6th Cir. 1989) (noting that where an attorney receives attorney's fees under the EAJA and the Social Security Act, "the attorney must refund the amount of the smaller fee to the claimant" (quotation marks and citations omitted)).

To be entitled to an award under § 406(b), an attorney must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered. *Gisbrecht v. Barnard*, 535 U.S. 789, 807, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002) Section 406(b) "does not displace contingent-fee agreements," but rather "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. A 25% contingency fee agreement "should be given weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). A deduction of a contingency fee award may be appropriate when (1) counsel acted improperly or provided ineffective assistance, or (2) "counsel would . . . enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id*. If the foregoing reasons are not applicable, "an agreement for a 25% fee, the maximum permitted under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), is presumed reasonable." *Hays v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1991).

An award will not be considered improper merely because it results in an above-average

3

hourly rate. *Royzer v. Sec'y of Health & Human Servs*., 900 F.2d 981, 982 (6th Cir. 1990). As the Sixth Circuit explained:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed [by dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id*. Accordingly, the Court will not find that a contingency fee agreement has generated a windfall to the attorney where "the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Hayes*, 923 F.2d at 422.

Here, counsel and the plaintiff have a contingency fee agreement which provides that attorney's fees will be 25% of the plaintiff's past-due benefits. (Doc. No. 31-1 (Contingency Fee Agreement), at 1.) The submitted time sheets show that two attorneys spent a combined 32.7 hours representing the plaintiff in federal court. (Doc. No. 31-5 (Time Sheets), at 1–3.)[3] The fee sought by counsel of $21,345.25 translates into a hypothetical hourly rate of $652.76, which is slightly more than twice the usual hourly rates for the attorneys providing services in this case. (*See id*.) Courts in this district have previously determined that comparable hypothetical hourly rates are not excessive or represent impermissible windfalls to attorneys. *See, e.g., McMillion v. Comm'r of Soc. Sec*., No. 1:20-cv-2356, Doc. No. 34 (N.D. Ohio July 2, 2024) (awarding contingency

---

[3] Specifically, time sheets reflect that Attorney Mary T. Meadows expended 10.6 hours in federal court. Her usual hourly rate is listed as $300.00. Attorney Melissa L. Kunder recorded 22.1 hours of billable work, and her usual hourly rate is also listed as $300.00. (*Id*.) The Court finds the number of hours claimed and the nature of the legal services rendered to be reasonable.

agreement fee amount representing a hypothetical hourly rate of $659.80 for Attorneys Meadows and Kunder); *Martin v. Comm'r of Soc. Sec.*, No. 3:18-cv-219, Doc. No. 28 (N.D. Ohio Mar. 20, 2024) (awarding contingent fee amount representing a hypothetical hourly rate of $799.36 for Attorneys Meadows and Kunder); *Santiago v. Comm'r of Soc. Sec.*, No. 1:13-cv-1216, Doc. No. 27 (N.D. Ohio Nov. 10, 2016) (awarding contingent fee amounting to $627.44 per hour). Moreover, there have been no allegations, nor has the Court found any instances, of improper conduct or ineffectiveness of counsel which would cause the Court to reduce the amount of the requested fees. Quite the contrary, the plaintiff was well represented by counsel in this case and counsel achieved an excellent result for the plaintiff and the plaintiff's family. Additionally, the award is not inordinately large. Further, counsel expended far more than minimal effort in this case, which included the preparation of comprehensive briefing and participation in a hearing. Accordingly, the Court finds that counsel have satisfied their burden of demonstrating the reasonableness of the requested fee.[4]

For the reasons set forth herein, the Court hereby GRANTS the motion and AWARDS attorney's fees in the amount of $21,345.25 under 42 U.S.C. § 406(b), provided that the plaintiff's attorneys refund to the plaintiff $6,000.00 in attorney's fees previously awarded under the EAJA.

**IT IS SO ORDERED**.

Dated: December 13, 2024

**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[4] It is worth noting that, after the EAJA award is returned to the plaintiff, the total fees for the plaintiff's representation will be less than 21% of past due benefits.